PETROPOLUS, JUDGE:
The claimant, John A. Bacon, formerly employed by the State Road Commission of the State of West Virginia, now the Department of Highways, respondent, as a construction engineer, seeks to recover the sum of $241.83, for living expenses incurred during the months of July and August, 1969, while he was living in Huntington, West Virginia, and performing his duties there under an assignment by the State Road Commission.
The following factual situation, as revealed by the record, gives rise to this claim. On July 1, 1969, the claimant was permanently transferred from the Wheeling Office of the State Road Commission to Huntington. His family remained in Wheeling until some time in *27 September of 1969 because of difficulties encountered by the claimant in locating a suitable place to live in Huntington because of a housing shortage. It had been the practice of the State Road Commissioner to allow a transferred employee temporary living expenses for a period of thirty days after a permanent transfer notwithstanding that certain travel rules and regulations promulgated by the Governor’s office stated that no expenses will be allowed which are incurred at the official station of any official or employee of the State. The administrative practice of allowing expenses for a period of thirty days in addition to paying the reasonable expenses incurred by an employee in moving his household furniture, effects, and immediate family as a result of the reassignment, apparently was not specifically authorized by the statute providing for payment of reasonable traveling expenses and moving expenses of transferred employees (W. Va. Code, Chapter 17, Article 2-A, Section 4a). The legality of the payment of rent and board by the State for a period of thirty days after reassignment has not been raised in this case by the State and this Court has not been requested to render an opinion thereon, both parties having tried the case on the assumption that said payment is within the purview of the statute and advantageous to and for the best interest of the State. In any event, it has been a long established practice of the Department of Highways to make this allowance.
The problem arises in this case because of the difficulty of the State employee to find a permanent home for his family in an area where there was a critical housing shortage. The claimant seeks reimbursement in the amount of $145.83 for a period extending from June 27, 1969, to July 18, 1969, and an additional sum of $96.00 as reimbursement for a period extending from August 13, 1969, to August 31, 1969. The District Engineer in Huntington, aware of the situation, requested and recommended that the claimant’s expenses be paid through the month of August, 1969, and approved said payment by letter. Later an additional request was made by the District Engineer to extend the payment of temporary expenses to September 1, 1969, at which time housing would be available to the claimant. Notwithstanding these approvals and recommendations, the business manager of the respondent refused payment of both requisitions, and asserted a counterclaim against the claimant in the amount of $341.00, which the State paid to Stone Lodge in Huntington for the claimant’s lodging during the month of August, 1969. It was con *28 tended that this payment for lodging was made by the State in error, and that the mistake should be rectified by treating said payment as a set-off against any amount that might be owing to the claimant for the 30-day period of July, 1969.
James R. Campbell, the District Engineer, testified that the expenses claimed were very reasonable, and that the claimant had made a sincere effort to keep expenses to a minimum by depriving himself of comfortable lodging and the ordinary charges for food.
It is the opinion of the Court that under the evidence submitted in this case that the claimant is entitled to the reimbursement of $145.83 for expenses incurred from June 27, 1969, until July 18, 1969, but is not entitled for expenses incurred in August, 1969, even though the District Engineer approved and recommended the payment of the August expenses. To make an allowance of expenses for the month of August would be in violation of the Governor’s regulations and also a variance from the established administrative procedure of the Department. Since the State voluntarily paid the item of lodging at the Stone Lodge in the amount of $341.00 incurred in the month of August, 1969, after approval of the voucher, the contention that the voucher was paid by mistake and constitutes a set-off to any amount owing to the claimant is without merit particularly when no evidence was submitted on this item. Furthermore, this Court has no jurisdiction to render a judgment against the claimant for the amount paid on his behalf in excess of the claim. If it had been clearly established that the payment to the Stone Lodge was an illegal payment of State funds, for the benefit of the claimant, the set-off might be considered for the purpose of disallowing the claim in its entirety.
An award will be made to the claimant in the amount of $145.83 for temporary expenses incurred prior to his permanent assignment to Huntington and within the 30-day period after his permanent assignment as a moral obligation which the State in equity and good conscience should pay.
Claim allowed in the amount of $145.83.